HAMLIN, Justice:
 

 Defendants, Jack P. F. Gremillion, Attorney General of Louisiana, William E. Dent, Jr., Director, Department of Public Safety, State of Louisiana, and Stanley H. Berthelot, Superintendent, Division of State Police, State of Louisiana, and Intervenors, Lieutenant Douglas M. Milliet and Lieutenant Ralph D. Powers, individually and on behalf of all Commissioned Officers and Troopers of the Louisiana Department of Public Safety, Division of State Police, appeal from a judgment of the trial court which decreed Act 33 of 1970 unconstitutional in toto, null, void, and of no effect, and permanently enjoined the following persons and their successors in office, in their official capacities, as follows:
 

 “Harold E. Forbes, Director of Personnel, Department of State Civil Service, or his agents, employees or any person claiming to act in his behalf, is hereby restrained, enjoined and prohibited from certifying any payroll for any trooper, sergeant, lieutenant, captain, major or lieutenant colonel in the state classified civil service of the Division of State Police, State Department of Public Safety for payment of any salary fixed or provided by Act No. 33 of 1970 unless or until it is in accordance with a uniform pay plan adopted by the State Civil Service Commission in accordance with Article 14, Section 15, of the Louisiana Constitution.
 

 “William E. Dent, Jr., Director, Department of Public Safety, State of Louisiana, is hereby restrained, enjoined and prohibited from disbursing any funds or preparing, executing, signing, processing or delivering any warrant or any individual payroll check in payment of a salary pursuant to the provisions of Act 33 of 1970 to a person .who is a classified employee unless or until it is in accordance with a uniform.pay plan adopted by the State Civil Service Commission and until it has been certified for payment by the Director of Personnel, State Department of Civil Service in accordance with Article 14, Section 15, of the Constitution of Louisiana.
 

 “Stanley H. Berthelot, Superintendent, Division of State Police, Department of Public Safety, State of Louisiana is hereby restrained, enjoined and prohibited from disbursing any funds or preparing, executing, signing, processing or delivering any warrant or any individual payroll checks in payment of a salary pursuant to the provision of Act 33 of 1970 to a person who is a classified employee unless or until it is in accordance with a uniform pay plan adopted by the State Civil Service Commission and until it has been certified for payment by the Di
 
 *395
 
 rector of Personnel, State Department of Civil Service in accordance with Article 14, Section 15, of the Constitution of Louisiana.
 

 “W. W. McDougall, Commissioner of Administration, State of Louisiana is hereby restrained, enjoined and prohibited from making or approving any allotment of funds to the Division of State Police, Department of Public Safety, State of Louisiana for payment of salaries pursuant to Act No. 33 of 1970 to any trooper, sergeant, lieutenant, captain,
 

 “To amend and reenact Section 1394 of Title 40 of the Louisiana Revised Statutes of 1950, to provide for the minimum salaries of certain troopers and officers of the Division of State Police; and to amend and reenact Section 412, Subsection C of Section 1306 and Subsection G of Section 388 of Title 32 of the Louisiana Revised Statutes of 1950, to provide for the fees for driver’s and chauffeur’s licenses, motor vehicle certificates of inspection, and for over-length, over-weight, and over-length
 
 *
 
 permits ; to provide for the disposition of certain portions of said fees for the implementation of a minimum salary schedule for certain troopers and officers of the Division of State Police and otherwise to provide with respect thereto. major or lieutenant colonel in the Division of State Police who is a classified civil service employee under the jurisdiction of the State Civil Service Commission unless or until such salary is a part of the uniform pay plan adopted by the State Civil Service Commission upon the recommendation of the Director of Personnel, State Department of Civil Service in accordance with Article 14, Section 15, of the Louisiana Constitution.”
 

 The trial court, asked to decide whether Act 33 of 1970
 
 [1]
 
 was consonant with the
 
 *399
 
 Constitution of the State of Louisiana, particularly Art. 14, Sec. 15, providing for the authority of the State Civil Service Commission, correctly analyzed the Act as follows:
 

 “Act 33 of 1970 amends and reenacts Section 1394 of Title 40 of the Louisiana Revised Statutes of 1950 to provide for the minimum salaries of certain troopers and officers of the Division of State Police. [These persons are admittedly classified employees under Civil Service.] It also amends and re-enacts Sec. 412, subsection C, of Section 1306 and subsection G of Sec. 388 of Title 32 of the Louisiana Revised Statutes of Í950 to provide for the fees for drivers and chauffeurs licenses, motor vehicle certificates of inspection, and for overlength and overweight permits; it also provides for the disposition of certain portions of these fees for the implementation of the
 
 *401
 
 minimum salary schedule for certain troopers and officers of the Division of State Police. Thus, the essential purpose of the Act is to give the Louisiana State Troopers a well-deserved pay raise, the pay raise to be financed from funds obtained through higher driver and vehicle taxes.”
 

 Plaintiffs, Louisiana Civil Service League and two taxpayers and registered voters, Wilson S. Callender and Ralph M. Pons, instituted this suit as a class action, LSA-C.C.P. Arts. 591 et seq., primarily as a right to all taxpayers, voters, citizens, and holders of driver’s licenses, and secondarily as a right to all classified civil service employees of the State of Louisiana. They contended that Act 33 of 1970 is unconstitutional in many enumerated respects and prayed for injunctive and declaratory relief.
 

 Pursuant to LSA-C.C.P. Art. 1880, the Attorney General answered plaintiffs’ petition ; exceptions with which we are not now concerned were filed and passed upon by the trial court; in their answers, defendants, except Harold E. Forbes, Director of the Department of State Civil Service, averred the constitutionality of Act 33 of 1970; in answer, Forbes prayed for the same relief demanded by plaintiffs; interventions were filed on behalf of defendants.
 

 The trial court was of the opinion that the salaries of all employees who are under civil service, whether public officers or not, are governed by the Civil Service Amendment. The Court was of the further opinion that only those public officers who are not subject to Civil Service can have their salaries altered by the method set forth in Art. III, Sec. 34, La.Const. of 1921.
 
 [2]
 
 It concluded:
 

 “The Court takes the view that common sense requires the conclusion that the people intended that the Civil Service Amendment is to govern all civil service employees. Given this premise, Article 3, Sec. 34, cannot apply to civil service employees. To repeat, the Court believes that the Civil Service Amendment, being the latest expresssion of the will of the people, does govern all civil service employees. Accordingly, the Court holds that Article 3, Section 34, is inapposite to the instant matter.
 

 “Consistent with the reasons assigned above, the Court holds that Act 33 of 1970 is unconstitutional and therefore null, void and of no effect. By this holding the court does not hold nor does it intend to infer that the State Troopers of the State of Louisiana do not deserve a pay raise. Not only this court, but the public as well, are aware of the coura-
 
 *403
 
 geous sei'vice performed by the members of the State Police and the need for additional pay as compensation for the growing hazards and risks which they face daily. The Court simply holds that a pay raise for these men must be effected through means which accord with the Constitution of the State of Louisiana.”
 
 [3]
 

 Herein, appellants contend that the trial court erred :
 

 “A. In holding that Act No. 33 of 1970 was in direct conflict with Louisiana Constitution Article 14, Section 15.
 

 “B. In failing to give proper consideration to the 1952 amendment to LSA-R.S. 40:1394.
 

 “C. In holding that the Louisiana Legislature does not have the power to enact pay schedules for state troopers.
 

 “D. In not applying the reasoning of the case of New Orleans Firefighters Ass’n Local 632, et al. v. City of New Orleans, et al., 230 So.2d 326 (La.App. 4th Cir., 1970).”
 

 Intervenors contend that “the district court below erred in holding that Act 33 of the Louisiana Legislature of 1970 was unconstitutional and that the State Civil Service Commission under the Louisiana Constitution, Article XIV, Section 15, has the
 
 exclusive
 
 authority to regulate the salaries of all classes of state employees who have civil service status, whether
 
 public officers
 
 or not, all notwithstanding the specific authority vested in the Legislature by the Louisiana Constitution, Article III, Section 34; and further notwithstanding the provisions of the Louisiana Constitution, Article XIV, Section 15(P) (6).”
 

 Plaintiffs pray for the affirmance of the decision of the trial court. Harold E. Forbes, Director of Personnel, Department of State Civil Service, submits that this Court should uphold the lower court’s declaration that Act 33 of 1970 is unconstitutional.
 

 Act 18 of 1952, a Joint Resolution, proposed an amendment to Section 15 of Article XIV of the Constitution of Louisiana, relative to the establishment in the State and cities of the State of a certain population, of a civil service system based on merit. The amendment was submitted to the people on November 4, 1952; the vote was 306,198 “for” and 90,003 “against.” The effective date of the majority of the sections of the amendment was June 30, 1953.
 

 
 *405
 
 Art. XIV, Sec. 15(1), relating in part to the pay of classified employees, provides in part:
 

 “(I) Rules and regulations; removal of names from lists; delegation of powers. There is vested in the State Civil Service Commission and in the appropriate City Civil Service Commissions for the several cities respectively the authority and power, after public notice and public hearing, to adopt, amend, repeal and enforce rules which shall have the effect of law, regulating employment, transfers, promotion, removal, qualifications, and other personnel matters and transactions, and employment conditions and
 
 disbursements to employees,
 
 and carrying out generally in the foregoing respects, and as may be otherwise necessary to that end, the provisions and purposes of Civil Service as herein provided, including, but not by way of limitation, rules (1)
 
 providing for the approval or disapproval of disbursements of all personal services in the Classified Service; *
 
 * * (7) providing for attendance records,
 
 conditions for payment of salaries,
 
 training and educational programs for persons in the State or City services, and a uniform service rating system (including the manner in which ratings are to be used in promotions, salary increases, suspensions, and separations); * * *
 

 <1
 
 * * *
 

 “The State and City Civil Service Commissions shall adopt:
 

 “(a) * .* *
 

 “(b) A
 
 classification plan,
 
 prepared and submitted by the Director or already in existence, requiring
 
 the classification of positions in the classified service according to similarity of duties performed and responsibilities assumed, so that the same qualifications may reasonably be required for, and the same schedule of pay may be equitably applied
 
 to all positions in the same class. * * *
 

 “(c)
 
 Rules fixing minimum, maximum, and such intermediate rates of compensation as may be necessary, and establishing uniform pay plans and amendments thereof from time to time, according to duties and responsibilities, on the basis of recommendations of the Director
 
 after consultation by the Director with appointing authorities and the State or municipal fiscal officer, as the case may be, and resort to such other measures of investigation and research as he may deem desirable. * * *
 
 Each
 

 employee shall be paid at one of the rates set forth in the pay plan for the class of position in which he is employed.
 
 * * * ” (Emphasis ours.)
 

 After the adoption of the Civil Service Amendment to the Constitution, the State Civil Service Commission adopted rules
 
 *407
 
 which have the effect of law. Boucher v. Doyal, La.App., 210 So.2d 75, aff. 252 La. 833, 214 So.2d 160; Perkins v. Director of Personnel, La.App., 197 So.2d 116; Plays v. Wild Life and Fisheries Commission, La.App., 136 So.2d 559, aff. 243 La. 278, 143 So.2d 71; Bedgood v. Wildlife and Fisheries Commission, La. App., 128 So.2d 267. The following rules establish a uniform pay plan:
 

 “6.1 Preparation of Pay Plan.
 

 The Director, after consultation with the appointing authorities and the State fiscal officer and after conducting such investigations and research as he may deem desirable, shall cause to he prepared for submission to the Commission
 
 a uniform pay plan or amendments
 
 thereto,
 
 regulating the compensation to be paid all classified State employees.
 
 In the preparation of a pay plan for the State service or amendments thereto, the Director shall take into consideration the differences in pay in private business, industry, city and federal civil service systems and the availability of applicants in the different localities and areas of the State and may propose different rates in the different localities and areas.
 

 “6.3 Rates in Pay Plan.
 

 (a) The scale of rates for each class of position shall consist of a mimimum rate, a maximum rate, and such intermediate rates as may be adopted by the Commission and approved by the Governor.
 

 (b) Each employee shall be paid at one of the rates set forth in the pay plan for the class of position in which he is employed.
 

 “6.17 Certification and payment.
 

 No
 
 payment
 
 for personal services
 
 shall be made
 
 by a Department or fiscal officer thereof to any employee in the classified service of the State
 
 until after certification by the Director that such payment is authorized and is in conformity with these Rules.
 
 The Director’s approval of forms relating to personnel transactions described in the Chapter of these Rules captioned ‘Records’ shall constitute certification within the meaning of this Rule.” (Emphasis ours.)
 

 “Civil Service Statutes are designed to secure adequate protection to public career employees from political discrimination. State ex rel. Murtagh v. Dept. of City Civil Service, 215 La. 1007, 42 So.2d 65. They embrace the merit system, and their intent is to preclude favoritism. Louisiana’s Civil Service System is set forth in Art. XIV, Sec. 15, La.Const. of 1921. It provides among many things for promotions, lay-offs, discrimination, political activities, fraud, violations, and dis
 
 *409
 
 ciplinary action. It also sets forth a method of appeal and judicial review.” Womack v. Louisiana Com’n on Governmental Ethics, 250 La. 833, 199 So.2d 891, 897 (1967). The purpose of civil service laws is to guarantee the independent security and welfare of public service. State ex rel. Boucher v. Heard, 228 La. 1078, 84 So.2d 827. “The purpose of the Amendment is to insure efficiency in governmental operations by providing security of employment thus enabling the state .to take advantage and reap the benefits of experience gained by those employees of long service.” Vidrine v. State Parks and Recreation Commission, La.App., 169 So.2d 641, 645 (1965). “The purpose of the Civil Service Amendment is to secure governmental employees in their positions, free from discrimination of political, religious or other nature.” Perkins v. Director of Personnel, La.App., 220 So.2d 253, 256 (1969).
 

 In 1952, the Legislature passed Act No. 299, which provided the salary scale of troopers and officers of the Division of State Police. This Act became effective prior to the effective date of Art. XIV, Sec. 15, supra, and was included in the Revised Statutes as LSA-R.S. 40:1394, appearing in the section treating of the Department of Public Safety.
 

 Art. XIV, Sec. 15, (P) (6) provides that, “All existing laws relating to the State or City Civil Service System are continued in force insofar as not in conflict herewith, subject to the power of the Legislature to amend or repeal such laws or adopt new laws, provided said amendments or new laws are supplementary and not in conflict herewith.” See, Gervais v. New Orleans Police Department, 226 La. 782, 77 So.2d 393; Domas v. Division of Employ. Sec. of Dept. of Labor, 227 La. 490, 79 So.2d 857.
 

 We find that Act 33 of 1970 is not supplementary to the Civil Service Amendment; it is in conflict with it because it ascribes to the Legislature a power which was taken away from it by the electorate’s adoption of a constitutional amendment which it (the Legislature) had passed by point resolution. It was not possible for the Legislature to pass Act 33 of 1970 as an amendment to LSA-R.S. 40:1394, Act 299 of 1952 (Source Act 94 of 1936) — which at its inception had no relation to Civil Service — because in 1970 Act 299 of 1952, insofar as it is herein involved, had been superseded by the Civil Service Amendment supra. We are aware of the rising economy of Louisiana arid the high cost of living, but it is incumbent upon troopers and officers of the Division of State Police, who are now members of the State Civil Service System and classified employees of -the State of Louisiana, to make their demands for higher wages to the proper members of the Civil Service Commission rather than to members of the State Legislature.
 

 
 *411
 
 The trial judge correctly stated:
 

 “Article 14, Section 15, was adopted as a constitutional amendment by the electorate of the State of Louisiana in 1952 after an irregular history of civil service of a limited function dating back to 1934. There is no question that the intention at that time was to create an independent and autonomous agency of state government, normally free of otherwise disruptive political influences, and one which would establish a comprehensive and unified personal plan for all state employees, including the adoption of rules regulating the classification of jobs and fixing of rates of compensation. Further, it is the opinion of this court that the mandate of the people evidenced a clear intent, as reflected by their constitution, to invest the State Civil Service Commission with the sole and exclusive authority to establish all rates of compensation paid to Civil Service personnel, subject only to the routine approval of the Governor of this State. Thus the Legislature is deprived of power with regard to rates of remuneration of employees coming within the provisions of the Civil Service Act. Because the Constitution renders the Legislature powerless to effect a change in the compensation of classified employees, the Court concludes that Act 33 of 1970, which makes such an attempt, is null and void, being in contravention of the Civil Service Amendment to the Louisiana State Constitution.”
 

 Intervenors strongly contend that the 1970 Legislature’s change of the State’s police officers’ and troopers’ salaries was a lawful exercise of the State’s police power as recognized and embodied in Art. Ill, Sec. 34, and in Art. XIX, Sec. 18, of the Constitution.
 
 [4]
 
 They further contend that although the State Civil Service Commission may well have the power under Art. XIV, Sec. 15, La.Const. of 1921, to determine the salary schedules of classified public officers (such as the State Police), this power is always subject to the inherent police power reserved to the Legislature under Art. Ill, Sec. 34, and Art. XIX, Sec. 18, which power allows the Legislature to change the salaries of such public officers when it deems such change to be necessary in the interest of the citizens’ lives, health, and property, and to ensure the peace, security, and safety of the State and its residents. Intervenors still further contend that Art. III, Sec. 34, and Art. XIV, Sec. 15, can and should be harmoniously construed in pari materia.
 

 Art. III, Sec. 34, La.Const. of 1921, which provides that the salaries of public officers, whether fixed in the Constitution or otherwise, may be changed by vote of two-thirds
 
 *413
 
 of the members of each House of the Legislature appeared in the original Constitution of 1921.
 

 We accept arguendo as did the trial judge the contention that State Troopers are public officers and concede that Act 33 of 1970 was passed by a two-thirds vote of the members of both Houses of the Legislature, but we find that when the electorate adopted Art. XIV, Sec. 15, La. Const. of 1921, it was intended that the type of officers herein involved were removed from the mandate of the earlier constitutional provision. The two constitutional provisions cannot herein be interpreted in pari materia because one grants the Legislature the power to perform certain actions with respect to the compensation of public officers, and the other vests the Civil Service Commission, an entirely different body, with the prerogative of providing for the compensation of classified employees, which State Troopers and State Police Officers admittedly are.
 

 Art. III, Sec. 34, and Art. XIV, Sec. 15, as involved in this matter, are in irreconcilable conflict; the latest enactment will therefore control, or will be regarded as an exception to, or qualification of, the prior constitutional provision. 82 C.J.S. Statutes § 368. The positions of articles and related articles in the Constitution, their source and history, and the development or changes in application of the articles, are important considerations for their interpretation and application. Reymond v. State Through Department of Highways, 255 La. 425, 231 So.2d 375. It is a well established rule of statutory construction that the Legislature is presumed to have enacted a statute in the light of preceding statutes involving the same subject matter and decisions construing such statutes, and, where the new statute is worded differently from the preceding statute, the Legislature is presumed to have intended to change the law. Doyal v. Roosevelt Hotel, La.App., 234 So.2d 510, 513. See, State v. Hillebrandt, La.App., 146 So.2d 718; Hibernia Nat. Bank v. Louisiana Tax Commission, 195 La. 43, 196 So. 15. The intention of members of an earlier Legislature cannot override the will of a subsequent Legislature. Jackson v. Unity Industrial Life Ins. Co., La.App., 142 So. 207.
 

 We conclude, as did the trial judge, supra, that the salaries of all employees who are under Civil Service, whether public officers or not, are governed by the Civil Service Amendment. Only those public officers who are not subject to Civil Service can have their salaries altered by the method set forth in Art. III, Sec. 34, La.Const. of 1921.
 

 We do not find that the case of New Orleans Firefighters Ass’n v. City of New Orleans, La.App., 230 So.2d 326, is con
 
 *415
 
 trolling of the present matter. Herein, we have found that ultimate authority for the compensation of the classified employees involved is vested in the Civil Service Commission; in the Firefighters case, ultimate authority for compensation of the firefighters was vested in the City Council of the City of New Orleans. We agree with the following analysis of the trial judge:
 

 “While acknowledging that the state police are under civil service and that such agency is generally charged under the law with the responsibility for establishing rates of pay for state employees, the defendants contend that the Legislature has the right to select certain classifications of employees — such as firemen and policemen — who perform hazardous undertakings and establish rates of compensation in recognition of the risks faced by these personnel, which acts of the Legislature are merely supplementary to the rules and regulations of the Civil Service Commission. As authority for this contention, they cite the case of New Orleans Fire Fighters Association Local 632, et al vs. City of New Orleans, et al., 230 So.2d 326 (La. App. 4th Cir. 1970). Defendants’ reliance on this case is misplaced. Therein the Court ruled with respect to a 1968 legislative act providing for a pay raise for New Orleans city firemen that the New Orleans City Council could have initiated and promulgated the pay raise without consulting the City Civil Service Commission and hence could be compelled to do so by legislative act without such act being in violation of the powers of the City Civil Service Commission. The Court ruled that the New Orleans
 
 City
 
 Civil Service Commission had only the power of recommendation, while the ultimate authority for adoption of pay plans rested with the City Council. In the instant case, the
 
 State
 
 Civil Service Commission is involved and the Court herein has found that the Civil Service Amendment places exclusive authority with regard to the establishment and change in pay rates in the hands of the State Civil Service Commission. Unlike the New Orleans City Council (vis-a-vis the City Civil Service Commission), the State Legislature (vis-a-vis the State Civil Service Commission) is not the final authority under the Constitution with regard to the pay scale of Civil Service employees. The Court concludes therefore that the case of New Orleans Firefighters v. City of New Orleans, is not controlling herein.”
 

 For the reasons assigned, the judgment of the trial court declaring Act 33 of 1970 unconstitutional, null, void, and of no effect, and granting permanent injunctive relief to plaintiffs, is affirmed. All costs to be paid by appellants and intervening defendants.
 

 [1]
 

 . Act 33 of 1970 provides:
 

 *
 

 “’* As is appears in the enrolled bill.
 

 “Be it enacted by the Legislature of Louisiana:
 

 “Section 1. Section 1394 of Title 40 of the Louisiana Revised Statutes of 1950 is hereby amended and reenacted to read as follows:
 

 “§ 1394. Salary scale; vouchers in payment of expenses; allowances
 

 “The salary scale of the enumerated troopers and officers of the Division of State Police, whether under civil service or otherwise, shall be as follows:
 

 “Trooper, minimum salary $565.00 per month;
 

 “Sergeant, minimum salary $675.00 per month;
 

 “Lieutenant, minimum salary $760.00 per month;
 

 “Captain, minimum salary $850.00 per month;
 

 “Major, minimum salary $965.00 per month;
 

 “Lt. Colonel, minimum salary $1,120.00 per month.
 

 “All troopers shall maintain grade for a minimum period of three years. All sergeants shall maintain grade for a minimum period of two years. All lieutenants shall maintain grade for a minimum period of two years. At the end of the respective periods in grade, they shall be paid at the maximum rate prescribed for the respective grades and be eligible for promotion to the next higher grade as vacancies occur.
 

 “The department may approve vouchers in payment of expenses incurred by employees of the division in the discharge of their duties.
 

 “Allowance for lodging and subsistence may be paid to the employees of the division under such terms and conditions as the department prescribes. The department may provide lodging and subsistence for employees of the division at their official stations.
 

 
 *397
 
 “Section 2. Section 412, Subsection C of Section 1306 and Subsection G of Section 3S8 of Title 32 of the Louisiana Revised Statutes of 1950 are hereby amended and reenacted to read as follows:
 

 “§ 412. Amount of
 
 fee;
 
 duration of license
 

 “On and after July 29, 1970, every aplicant for a class “A” driver’s license or renewal of a class “A” driver’s license, except those bona fide residents of cities having a population in excess of three hundred thousand, shall pay for such license a fee of three dollars and fifty cents, which shall be the cost of the license, and this license shall expire on the anniversary of the birthday of the applicant which is nearest to a date two years subsequent to the issuing of the license, unless revoked, cancelled or suspended, fifty cents of which fee shall be paid to the Division of State Police, one dollar of which fee shall be used solely for implementing a minimum salary schedule for state police officers under civil service and fifty cents of which shall be paid to the State Police Pension and Retirement Fund. On and after July 29, 1970, the fee for Class “A” drivers’ licenses issued to bona fide residents of municipalities having a population in excess of three hundred thousand shall be three dollars and fifty cents, one dollar of which fee shall be payable by the Department to the Board of Trustees of the Police Pension Fund of such municipalities and one dollar of which fee shall be used solely for implementing a minimum salary schedule for state police officers under civil service, and the license shall expire on the anniversary of the birth date of the applicant which is nearest to a date two years subsequent to the issuing of the license, unless it is revoked, cancelled or suspended.
 

 “Every applicant for a Class “B”, “C”, or “D” license, except those bona fide residents of cities having a population in excess of three hundred thousand, shall pay for such license a fee of four dollars and fifty cents, fifty cents of which fee shall be paid to the State Police Pension and Retirement Fund and one dollar of which fee shall be used solely for implementing a minimum salary schedule for state police officers under civil service, and this license shall expire one year from the date of its issue unless revoked, can-celled or suspended. The fee of Class “B”, “0”, or “D” licenses issued to bona fide residents of municipalities having a population in excess of three hundred thousand shall be five dollars and fifty cents for the one year period, two dollars of which fee shall be paid by the Department to the Board of'Trustees of the Police Pension Fund of such municipalities, and fifty cents of which shall be paid to the State Police Pension and Retirement Fund.
 

 “The addition of a motorcycle or motor-scooter endorsement to a basic license will require, besides the specific examination for such vehicle, the payment of an additional fee of one dollar and fifty cents.
 

 “Every license shall be renewable on or before its expiration upon application and payment of the fee imposed by this Chapter. Every applicant under this Section, who fails to make timely application for renewal of his license shall pay an additional fee of one dollar, providing his license has not been expired for a period in excess of six months. If the license has been expired for a period in excess of six months, an additional fee of two dollars shall be paid by the applicant. The additional fees provided herein shall not affect the provisions of R.S. 32:402 and 32:427.
 

 “If the failure to make timely application is attributable to the fact that the applicant has had no occasion to operate a motor vehicle since the expiration date, then the additional fee shall be waived upon the filing of an affidavit by the applicant to evidence this fact.
 

 “Every person while serving in the Armed Forces of the United States, outside the state of Louisiana, who shall have had a valid Louisiana driver’s license, regardless of its class, issued to him or her before entering service, said license being valid at time of entrance into service and not having been revoked or suspended,
 
 *399
 
 such license shall be considered valid during the period of service in the armed forces and sixty days after receiving a discharge from such forces.
 

 “Such person shall, while operating a motor vehicle, carry upon his person, the last license issued to him and conclusive evidence that he is a member of the armed forces, and if discharged, a copy of such discharge.
 

 “§ 1306. Operation of official inspection stations
 

 “C. A certificate of inspection and approval may be issued for a charge or a fee of not more than one dollar and twenty-five cents to be charged for an inspection and issuance of such certificate, twenty-five cents of which fee shall be used solely for implementing a minimum salary schedule for state police officers under civil service.
 

 * * * ■!• *
 

 “§ 388. Weight; definitions; farm vehicles; special permits
 

 * * * *
 

 “G. Por each over-weight permit, the issuance of which shall be limited to combinations of vehicles composed of four load carrying axles, except as herein provided, the permittee shall pay a fee of twenty-five dollars ; provided that no fees shall be charged to a permittee using rail or water transportation as a principal means of transportation to the nearest point of destination for any load for which a permit is requested. Por each over-length, over-height, and over-width permit granted, which permits may be given on a month-to-month basis, up to six months for over-length permits, the permittee shall pay a fee of two dollars, one dollar of which fee shall be utilized by the division of state police in granting, administering and enforcing the provisions of this Chapter, and one dollar of which shall be used solely for implementing a minimum salary schedule for state police officers under civil service. The provisions of this Subsection shall not apply to those vehicles engaged in the transportation of forest products, poles and piling.
 

 “Section 3. If any provision or item of this Act or the application thereof is held invalid, such invalidity shall not affect other provisions, items or applications of this Act which can be given effect without the invalid provisions, items or applications, and to this end the provisions of this Act are hereby declared severable ; provided, however, that the proceeds from the enactment of this Act shall be used only for those purposes prescribed within the provisions of this Act.
 

 “Section 4. All laws or parts of laws in conflict herewith are hereby repealed.
 

 “Approved by the Governor: June 18, 1970.”
 

 [2]
 

 . Art. III, Sec. 34, La. Const, of 1921, provides that “Salar-ies of public officers, whether fixed in this Constitution or otherwise, may be changed by vote of two-thirds of the members of each House of the Legislature.”
 

 [3]
 

 . The Notice of Appeal contains tlie following notation: “ * * * Counsel for defendants, Fred E. Dent and Stanley Berthelot, requested that that portion of the judgment which impliedly prohibits tlie collection of increased drivers’ license fees be suspended pending a decision by tlie Supreme Court. The Court granted the request insofar as that portion of the judgment is concerned.”
 

 [4]
 

 . “The exercise of the police power of the State shall never be abridged.” Art. XIX, Sec. 18, La.Const. of 1921.