BAILES, Judge.
This is an appeal by the plaintiffs from an adverse judgment rendered in a suit for declaratory judgment and for injunctive relief.
The plaintiffs, individual members of the Civil Service Commission of the City of New Orleans, appeal from the judment of the district court sustaining peremptory exceptions of no right of action and no cause of action. This action was filed by plaintiffs against the Director of the Department of Finance, the Chief Administrative Officer, and the individual members of the Council of the City of New Orleans for a declaratory judgment decreeing Act No. 55 and Act No. 57 of the Extra Session of 1968 unconstitutional as violative of Article 14, Section 15 Louisiana Constitution of 1921.
Petitioners also seek injunctive relief against the City of New Orleans to prohibit the expenditure of certain funds necessary to comply with a previous judgment of this court which has now become final and executory.
In compliance with C.C.P. Article 1880, the Attorney General of the State was *529 served with a copy of the proceeding and has appeared herein. An intervention in this proceeding in the district court was made by certain members of the Fire Department of the City of New Orleans, the New Orleans Fire Fighters Association Local 632, AFH-CIO, and other named individuals similarly situated.
Both the State of Louisiana, through the Attorney General, and the intervenors filed exceptions of no cause of action based on the ground that the petitioners seek injunc-tive relief based on the unconstitutionality of Act No. 55 and Act No. 57, aforementioned, which already have been declared constitutional in other proceedings namely: New Orleans Fire Fighters Assn. v. City of New Orleans, La.App., 230 So.2d 326 (1970) ; and therein the Supreme Court of Louisiana denied writs, 255 La. 557, 232 So.2d 78 (1970). Additionally an exception of no right of action predicated on the ground that the individual members of the Civil Service Commission do not have the constitutional authority to challenge any statute of this State or to file any suit whatsoever.
As noted above the district court sustained both exceptions and plaintiffs’ action was dismissed. Finding that the ruling of the court a quo sustaining the exception of no cause of action correct, we affirm.
Plaintiffs’ petition alleges that Acts No. 55 and No. 57, aforementioned are unconstitutional for the reasons that these acts represent an attempt by the Legislature of the State of Louisiana :
1. To prescribe and adopt a classification plan for a limited number of classified employees (members of the Department of Fire);
2. To establish minimum, maximum and intermediate rates of compensation for the same limited number of classified employees;
3. That these acts discriminate against all other classified employees of the City of New Orleans;
4. That these acts violate and are repugnant to Article 14, Section 15(1) (c) of the Louisiana Constitution insofar as it attempts to place in operation a classification plan and a pay plan which is not the product of the City Civil Service Commission and has not been established or adopted by the governing body of the City of New Orleans; and
5. That these acts are repugnant to Article 14, Section 22 of the Louisiana Constitution in that they attempt to usurp the provisions of the Home Rule Charter of the City of New Orleans and to deprive the citizens and electors of the City of their rights thereunder.
Accordingly, plaintiffs allege immediate and irreparable injury, loss and damage will be suffered by the employees in the classified service of the City of New Orleans and ultimately by the citizens and the public fisc, and that the defendants should be permanently restrained and enjoined from implementing and disbursing any monies in accordance with the terms and conditions of said acts.
From our painstaking examination of the decision of this court in New Orleans Firefighters Association Local 732, et al v. City of New Orleans, et al, La.App., 230 So.2d 326 (1970), writs denied 255 La. 557, 232 So.2d 78 (1970), with the identical grounds of unconstitutionality alleged, as set forth in plaintiffs’ petition, we find that each and every stated ground has been fully considered and decided adverse to plaintiffs’ position. It would serve no useful purpose whatever to set forth again the reasons which are adequately and amply discussed therein.
In appellants’ brief, the question is asked: — “Why do appellants argue the Acts are unconstitutional?” and they answer their own question. “Because of the *530 language in Louisiana Civil Service League v. Forbes, 258 La. 390, 246 So.2d 800 which was decided by the Supreme Court after writs were refused in New Orleans Firefighters Association Local 632 et al. v. City of New Orleans (1970), supra. * * * Furthermore, the Supreme Court in the most recent Firefighters decision, found in 263 La. 649, 269 So.2d 194 tends to recognize the error and seemingly invites this lawsuit. * *
In New Orleans Firefighters Association Local 632, et al. v. City of New Orleans, et al., 263 La. 649, 269 So.2d 194 (1972) which appellants say tends to recognize the error and seemingly invites this lawsuit, the Supreme Court was discussing its decision of Louisiana Civil Service League et al. v. Forbes et al., 258 La. 390, 246 So.2d 800 (1971), and explaining the action of the district court and the reason why the case came directly to the Supreme Court for decision. The court then stated that it considered the case of New Orleans Firefighters v. City of New Orleans, supra, and found it not controlling of the issue in the Forbes case.
Appellants’ position in this instance is obviously based upon an erroneous conclusion. The Supreme Court factually distinguished the Forbes case by pointing out that the authority to adopt and promulgate pay schedules of the State Civil Service Commission differed significantly from the similar power vested in the City Civil Service Commission. For this reason the Court determined that the case of the New Orleans Firefighters v. City of New Orleans was not controlling of the issues presented in the Forbes case.
Then the court continues (page 197 of 269 So.2d):
“We quoted with approval from the district court’s opinion where the cases (meaning the New Orleans Firefighters case and the Forbes case) were distinguished on the basis of the difference in the relationships among state police, the state civil service commission, the legislature and the governor, on one hand, and the firemen, the city civil service commission and the city council on the other.”
At this point in the Supreme Court decision, the appellants contend the court “has finally seemed to recognize this” (meaning the error the appellants argue that this court made in the Firefighter cases) when it states:
“The great and apparent similarity between the cases arising from legislative efforts to increase the pay of the state police and that of the firemen, since both are controlled by the same constitutional provision, furnishes substance to the city’s defense. Because this court found in the Forbes case, supra, that the legislative efforts to raise state police pay conflicted with Article 14, Section 15 of the Louisiana Constitution, argues the city, it must follow that the legislative efforts to increase the pay and benefits of firemen are also unconstitutional.
“That question, however, is not before us. The judgment in New Orleans Firefighters v. City of New Orleans, La.App., 230 So.2d 326 (1970) has become final. The City of New Orleans is now barred by ‘the authority of the thing adjudged’ (LSA-C.C. art. 2286) from defending on the basis of the unconstitutionality of the legislative act involved.”
It should be noted that the first paragraph of the preceding quotation is merely a summary of the defense and argument advanced by the City of New Orleans in support of its plea of unconstitutionality. The other paragraph is a reiteration of the court’s finding that the issue of unconstitutionality has been adjudged and cannot be reurged by the City as a defense against the enforcement of the legislative acts under attack.
A careful reading and understanding of the opinion of the Supreme Court in New Orleans Firefighters Association Local 632 et al. v. City of New Orleans et al., supra, *531 does not lead to the. inference that additional litigation such as this was invited.
Having determined that this action presents no new issue or ground for holding the subject Acts unconstitutional or that has not heretofore been determined by this court, the judgment appealed from is affirmed. ■
Affirmed.