569 So.2d 21 (1990)
HELMERICH & PAYNE INCORPORATED
v.
Robert STEPHENS.
No. 90-CA-0110.
Court of Appeal of Louisiana, Fourth Circuit.
October 11, 1990.
*22 Richard B. Eason, II, Adams and Reese, New Orleans, for plaintiff/appellant.
Thomas O. Wells, Wagner, Wells & Mansour, Alexandria, for defendant/appellee.
Before GARRISON, BARRY and CIACCIO, JJ.
BARRY, Judge.
Robert Stephens was employed by Helmerich & Payne Drilling Company as a roughneck on a drilling rig in Plaquemines Parish. On July 21, 1986 he was injured in an on-the-job accident and treated for neck and back injuries. His orthopedic surgeon recommended disc surgery. Helmerich & Payne refused to authorize the surgery or pay additional medical expenses on the basis that his problems were unrelated to the July, 1986 accident.
Stephens filed a claim with the Office of Workers Compensation. On December 27, 1988 the Office recommended that Stephens be paid temporary total disability benefits from July 22, 1986 until he is physically able to return to work. After one of the parties rejected the recommendation, the Office of Workers Compensation issued a Certificate on January 12, 1989.
On February 3, 1989, Helmerich & Payne, Inc. filed for a declaratory judgment in Plaquemines Parish. On March 3, 1989 Stephens filed for compensation benefits, medical expenses, penalties and attorney's fees in Catahoula Parish.
Stephens answered the petition in the Plaquemines lawsuit on March 17, 1989 and filed a reconventional demand which he later dismissed. He filed exceptions of no cause of action and no right of action in Plaquemines, arguing that Helmerich & Payne, Inc. had no standing to petition for a declaratory judgment because his compensation claim named Helmerich & Payne Drilling Company. Stephens also argued that La.R.S. 23:1311 A only allows an employee or his dependent to file suit in a compensation dispute. Helmrich & Payne, Inc. amended its petition in the Plaquemines lawsuit to reflect that its name had been changed from Helmerich & Payne, Inc. to Helmerich & Payne Drilling Company. Stephens filed an exception of lis pendens alleging that the Catahoula Parish suit involved the same parties and issues.
The trial court granted Stephens' exception of no right of action, denied the exception of no cause of action and ruled the lis pendens moot. Helmerich & Payne sought writs which this Court denied. It appeals *23 and Stephens appeals the ruling on his lis pendens exception.
At all relevant times La.R.S. 23:1311 A read as follows:
If any party rejects the recommendation of the office, the employee or his dependent, shall present within sixty days of the receipt of the recommendation or within the period established by R.S. 23:1209, whichever occurs last, a verified petition to the district court which would have jurisdiction in a civil case, to the district court of the parish in which the injury was done or the accident occurred, to any court at the domicile or at the principal place of business of the defendant having jurisdiction of the amount in dispute, or the district court of the parish in which the injured employee or his dependent is domiciled, at the option of the petitioner.
La.R.S. 23:1311 A was amended in 1983. Prior to the 1983 amendment to R.S. 23:1311 that statute permitted either party to a compensation dispute to file a petition.
Helmerich & Payne argues that under the Code of Civil Procedure a party's right to seek a declaratory judgment should be liberally construed and the availability of other remedies should not preclude a declaratory judgment. La.C.C.P. Art. 1881.
That argument is incorrect. Where two statutes conflict, the statute more specifically directed to the matter at issue must prevail over the general statute. Smith v. Cajun Insulation, Inc., 392 So.2d 398 (La.1980); State ex rel Bickman v. Dees, 367 So.2d 283 (La.1978).
We are required to give effect to the legislature's 1983 amendment to R.S. 23:1311. When the legislature enacts or amends a statute it is presumed to have considered preceding statutes involving the same subject. Where a new statute is worded differently from its predecessor, the legislature is presumed to have intended to change the law. Louisiana Civil Service League v. Forbes, 258 La. 390, 246 So.2d 800 (1971).
We affirm the decision of the trial court that Helmerich & Payne, Inc. has no right of action and that Stephens' exception of lis pendens is moot.
AFFIRMED.