BOWES, Judge.
The plaintiff, J. Caldarera & Co., Inc., appeals from a judgment of the trial court which granted a motion for summary judgment filed by defendants, Hospital Service District No. 2 of the Parish of Jefferson, Peter J. Betts and Sizeler Architects, A Professional Corporation (hereinafter “Hospital”), dismissing plaintiff’s suit against all defendants. We affirm the decision of the trial court.

PROCEDURAL HISTORY

The facts were stipulated and are found in the reeord. The defendant, Hospital Service District No. 2 of Jefferson, advertised for bids on the Joseph C. Domino Healthcare Pavilion Out-Patient Addition Project (the “Project”). Bids were received and opened by the Hospital on June 13,1995. Bids were submitted by the following four bidders:
1. Manhattan/Gibbs, A Joint Venture, a defendant in this suit;
2. Brice Building Company, Inc.;
8. Plaintiff, J. Caldarera & Company, Inc. (hereinafter “Caldarera”); and
4. Centex Landis Construction Co., Inc.
It was also stipulated that Caldarera is a licensed contractor in the State of Louisiana, and that Joseph Caldarera is the president of J. Caldarera & Company, Inc. Manhattan Construction Company is a licensed contractor in the State of Louisiana. Gibbs Construction Company is a licensed contractor in the State of Louisiana. Manhattan and Gibbs submitted a bid as a joint venture, Manhattan/Gibbs, A Joint Venture (hereinafter “Manhattan/Gibbs”). Manhattan/Gibbs was the lowest bidder.
Caldarera instituted this suit by the filing of a petition for declaratory judgment, for preliminary and permanent injunction and for writ of mandamus. In its petition, plaintiff alleged that Manhattan/Gibbs was not properly licensed because the “Joint Venture” did not have a license, as required by the Louisiana Contractors Licensing Law, La. R.S. 37:2150, et seq., and, therefore, the bid filed by Manhatttan/Gibbs should not have been accepted. Caldarera also alleges that it submitted the second lowest bid.[1] Defendants contend that because Manhattan was a properly licensed |3Contraetor and Gibbs was a properly licensed contractor, the provisions of the Louisiana Contractors Licensing Law were met.
The trial court denied the application for preliminary injunction on September 26, 1995. Writs were denied by this Court, 95-C-805 (La.App. 5 Cir. 9/26/96) and by the Louisiana Supreme Court, 95-CC-2376 (La.9/27/95).
The contract was subsequently awarded to Manhattan/Gibbs.
On February 19, 1997, plaintiff filed a first supplemental and amending petition, which included an alternative request for damages.
On March 26, 1997, defendant, Hospital, filed an exception of no cause of action and alternative motion for summary judgment. On May 15, 1997, plaintiff filed a motion for partial summary judgment.
The trial court rendered judgment denying Caldarera’s motion for partial summary judgment, denying Hospital’s exception of no cause of action but granting Hospital’s motion for summary judgment, and dismissing all claims against all defendants with prejudice.
Caldarera filed this appeal.

*1025
ANALYSIS

All parties agreed that there were no genuine issues of material fact on the licensing issue and that the only issues were issues of law. The sole issue presented to the trial court, and presented in this appeal is:
Whether a joint venture, whose members each hold a valid contractor’s license, is required to obtain a contractor’s license separate and distinct from that of the members pursuant to the laws of the State of Louisiana.
The Louisiana Contractors Licensing Law, La. R.S. 37:2150, et seq,
contains the following definitional provisions. La. R.S. 37:2150.1(4) defines contractor as:
... any person who undertakes to, attempts to, or submits a price or bid or offers to construct, supervise, superintend, oversee, direct, or in any manner assume charge of the construction, alteration, repair, improvement, movement, demolition, putting up, tearing down, or furnishing labor, material, or equipment, or installing the same for any budding, highway, road, railroad, sewer, grading, excavation, pipeline, public utility structure, project development, housing, or housing development, improvement, or any other construction undertaking ...
La. R.S. 37:2150.1(7) provides in part that: ‘Person’ means any individual, firm, partnership, association, joint venture, cooperative, or corporation, or any other group or combination acting in concert ...[2]
The statutes do not specifically state that a joint venture must obtain a license separate from each of its members. Caldarera contends that because the statute provides that a joint venture is a person, and because a person must be licensed, then the joint venture must have its own license before it can bid on a public project.
Defendant argues that this interpretation is in correct and that it defeats the purpose and intent of the Contractors Licensing Law and also the rules and regulations promulgated by the board.
La. R.S. 37:2150 provides that:
The purpose of the legislature in enacting this Chapter is the protection of the health, safety, and general welfare of all those persons dealing with persons engaged in the contracting vocation, and the affording of such persons of an effective and practical protection against the incompetent, inexperienced, unlawful, and fraudulent acts of contractors with whom they contract. Further, the legislative intent is that the State Licensing Boards for Contractors shall monitor construction projects to ensure compliance with the licensure requirements of this Chapter.
La. R.S. 37:2151, et seq. provides for the creation of the State Licensing Board for Contractors. La. R.S. 37:2153 sets forth the powers and duties of the board, and provides in part:
The board shall have the power to make by-laws, rules and regulations for the proper administration of this chapter; to employ such administrative assistants as are necessary; and to fix their compensation. The board is hereby vested with the authority requisite and necessary to carry out the intent of the provisions of this chapter.
In accordance with this statute, the board enacted the State of Louisiana Contractors’ License Law and Rules and Regulations (hereinafter “Administrative Rules”). Administrative Rule 1103 states:
A. All licensed contractors bidding in the amount of $50,000.00 or more shall be required to have qualified for the classification in which they bid.
*1026 B. When two or more contractors bid as a joint venture on any project in the amount of $50,000.00 or more, not in conflict with R.S. 37:2150 et seq., all parties are required to be licensed at the time the bid is submitted. Each party to the joint venture may only perform within the applicable classifications of the work of which he is properly classified to perform.
Furthermore, defendants presented the affidavit of Joy Evans, Administrator of the Louisianan Licensing Board for Contractors, which stated that the Licensing Board had consistently interpreted its rules to provide that two contractors may perform as a joint venture without a separate license, provided that each member is licensed, and that each member perform work only in the classification for which they are licensed.
The Louisiana Civil Code states that when a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. C.C. art. 9 (emphasis added).
The interpretation of the statutes requested by appellant would lead to the conclusion that two competent, adequately licensed entities, may not join together to bid and perform a public project without obtaining a third, hand useless license. Courts should not adopt a hypertechnical construction of a statute when a reasonable interpretation can be adopted which will carry out the legislative intent. Breaux v. Hoffpauir, 95-2933 (La.5/21/96), 674 So.2d 234. Furthermore, statutes should be interpreted in light of strong public policy. Breaux v. Hoffpauir, supra.
In this matter before us, reading the statutes in pari materia with the administrative rules, and with consideration given to the intent of the Louisiana Contractors Licensing Law, we believe that the trial court correctly interpreted the applicable law to provide that a joint venture is properly licensed when each of its members holds a valid license and, therefore, that joint venture itself is not required to get an additional license to be a responsible bidder under the Public Works Act.

CONCLUSION

For the above discussed reasons, the judgment of the trial court granting summary judgment in favor of defendants, and dismissing plaintiffs suit, is affirmed. All costs are assessed against plaintiff/app ellant, J. Caldarera and Company, Inc.
AFFIRMED.

. Hospital disputes this and states that Caldarera submitted the third lowest bid. However, for the purposes of this motion for summary judgment. it is considered that Caldarera submitted the second lowest bid.

. (7) "Person” means any individual, firm, partnership, association, cooperative, corporation, limited liability company, limited liability partnership, or any other entity recognized by Louisiana law; and whether or not acting as a principal, trustee, fiduciary, receiver, or as any other kind of legal or personal representative, or as a successor in interest, assignee, agent, factor, servant, employee, director, officer, or any other representative of such person; or any state or local governing authority or political subdivision performing a new construction project which exceeds the contract limits provided in R.S. 38:2212 and which does not constitute regular maintenance of the public facility or facilities which it has been authorized to maintain.
The term "joint venture” has been deleted from the definition of person in this article.