THE LEMOINE COMPANY, L.L.C., METRO SERVICE MANAGEMENT GROUP, LLC, AND THE MCDONNEL GROUP, LLC

\*     NO. 2022-CA-0217

\*     COURT OF APPEAL

\*     FOURTH CIRCUIT

VERSUS

\*     STATE OF LOUISIANA

THE ERNEST N. MORIAL EXHIBITION HALL AUTHORITY, JERRY REYES, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE ERNEST N. MORIAL NEW ORLEANS EXHIBITION HALL AUTHORITY AND NEW ORLEANS PUBLIC FACILITY MANAGEMENT, INC.

\*

\*

\* \* \* \* \* \* \*

**BELSOME, J., DISSENTS IN PART AND ASSIGNS REASONS**

I agree with that portion of the majority opinion denying the motion to dismiss this appeal as moot. However, I respectfully disagree with the majority as to the merits of this case. As noted by the trial court, the primary issue before the Court is not whether or not AECOM Hunt/Broadmoor ("Hunt/Broadmoor") is a partnership or a joint venture, nor whether Louisiana law requires an entity like Hunt/Broadmoor to obtain a license in its own name in order to qualify for the contract. Rather, the issue before this Court is whether the Ernest N. Morial Exhibition Hall Authority ("Authority")'s decision to award the contract to Hunt/Broadmoor was arbitrary and capricious.

The record reflects that the Authority, in good faith and with due deliberation, fairly considered the issue of whether Hunt/Broadmoor was properly licensed. As noted by the majority, the Authority received numerous public comments following Appellant's formal protest of the Authority's decision to award the contract to Hunt/Broadmoor, and held a hearing on the matter on August 25, 2021. At that hearing, the Authority discussed a letter from the Louisiana State

Licensing Board for Contractors ("LSLBC") regarding this issue. Importantly, while the LSLBC confirmed that Hunt/Broadmoor did not possess a license in its own name, it expressly refused to take a position on the ultimate issue (whether Hunt/Broadmoor was required to possess such a license), instead deferring to the Authority. Additionally, counsel for the Authority testified at the August 25, 2021 hearing and advised the Authority that, given the LSLBC's silence on the issue, it could not advise the Authority to disqualify Hunt/Broadmoor, and recommended the Authority award it the contract.

"Louisiana vests public bodies awarding contracts with discretion subject to judicial review. Courts will not substitute their judgment for the good-faith judgment of the administrative agency. This distinction must be exercised in a fair and legal manner and not arbitrarily." *J. Caldarera & Co., Inc. v. Ernest N. Morial Exhibition Hall Auth.*, 2018-0988, p. 6 (La. App. 4 Cir. 8/7/19), __ So.3d __, 2019 WL 3719544 *3; La. R.S. 38:2225.2.4(D) (providing that a CMAR contract award cannot be challenged by any legal process "except for fraud, bias for pecuniary or personal reasons not related to the taxpayers' interest, or arbitrary and capricious selection by the owner."). In this case, I do not find that the Authority abused its discretion in finding Hunt/Broadmoor adequately licensed. The Authority's decision was made fairly, in good faith, and after considerable deliberation; in the absence of an LSLBC determination or other clearly controlling law on the issue,[1] such a decision is not arbitrary and capricious. I respectfully dissent.

---

[1] The majority relies on *Lemoine/Brasfield & Gorrie Joint Venture, L.L.C. v. Orleans Par. Criminal Sheriff's Office*, 2010-1220, (La. App. 4 Cir. 3/30/11), 63 So.3d 1068, as dispositive of the instant matter. However, that opinion is not controlling under the civilian doctrine of *jurisprudence constante*, particularly given its conflict with *J. Caldarera & Co., Inc. v. Hosp. Serv. Dist. 2 of Par. of Jefferson*, 1997-1025 (La. App. 5 Cir. 2/11/98), 707 So.2d 1023, *writ denied*, 1998-0644 (La. 4/24/98), 717 So.2d 1177.