**DANTONE v. STANDARD MACH. CO., Inc.**

**No. 2107.**

Court of Appeal of Louisiana. First Circuit.

April 10, 1940.

Reid & Reid, of Hammond, for appellant.

Rownd & Tycer, of Hammond, for appellee.

DORE, Judge.

Plaintiff has appealed from a judgment dismissing his demand for damages to his automobile, clothes, for personal damages and medical expenses.

At about 7 P. M. on December 8, 1937, plaintiff, returning from New Orleans in his automobile, accompanied by several passengers, reached the crossing of defendant's spur track with the paved highway just south of Hammond, and in negotiating this crossing lost control of his car, causing it to overturn, resulting in the damages claimed herein. The defendant is charged with failure to maintain the crossing in a safe condition as the law requires.

The defense to the suit is threefold: (1) That the Louisiana Highway Commission built the road over the switch track and that it was its duty to maintain the crossing; (2) that the crossing was not defective or dangerous; and (3) if the crossing was defective, plaintiff, being fully aware of its condition, drove over it at an excessive speed and without taking the precaution to keep his car under control, and was therefore guilty of contributory negligence.

The evidence shows that the spur track was constructed long prior to the construction of the paved highway and is owned by the defendant. Under Act 157 of 1910, it is the duty of the defendant company to maintain the crossing in such a way as not to hinder, impede or obstruct its safe and convenient use; this duty is a continuing one as long as it shall remain the owner thereof, regardless of the fact that the highway was constructed after the spur was laid. Brandon v. Texas & N. O. R. Co., La.App., 169 So. 254.

The track crosses the highway diagonally and in a curve. The highway is concreted save the crossing which is asphalted. There is evidence to the effect that, at the time of the accident, there were some holes in the asphalt beside and between the rails, with some roughness. However, from the evidence, we are unable to determine just how deep and wide these holes or ruts were. It is also contended that, at times, the asphalt banks against the rails, caused by·the wheels of railroad cars which run over the switch; but the evidence shows that this track is seldom used over this crossing and that it may be said to have been abandoned.

The plaintiff has failed to show that the crossing is more dangerous or defective than the usual railroad crossing. While it is shown that a few automobiles have gotten out of control at the crossing within a period of time not disclosed, yet it is also shown that more than six hundred thousand automobiles pass over this crossing every year, or more than sixteen hundred every day. Statutes, such as ours, requiring owners of railroads or spur tracks to maintain crossings in a safe condition, mean that these crossings are to be kept in a reasonably safe condition. It is not required that the surface of the road at the crossing be so smooth as to prevent any jar or jolt to a vehicle passing over it. Under such statutes a foolproof crossing is not expected or required.

Under the statute, Act No. 157 of 1910, it is not the duty of the defendant to maintain this crossing safe and easy under all circumstances, but its duty is fulfilled if it maintains the crossing so as to permit safe and convenient passage over it by persons using reasonable care in the use thereof. Plaintiff well knew that this crossing was in a curve and·well knew the condition thereof. He states that he was going only forty to fifty miles per hour, yet one of his passengers states that his rate of speed was between sixty-five and seventy miles per hour. It was well dark at that time; he had just passed another car going in the same direction, not having had time before reaching the crossing to return to his lane of travel; and after negotiating the crossing, he lost control of his automobile and it overturned three times, travelling some seventy-five yards. All of these facts indicate to us that his speed was excessive and that he was not keeping a proper lookout, and that the

cause of the accident was not the condition of the crossing but plaintiff's own negligence.

For these reasons, the judgment is affirmed.