90 So.2d 351 (1956)
Milton M. FERRANTELLI
v.
Morris J. SANCHEZ.
No. 20679.
Court of Appeal of Louisiana, Orleans.
October 29, 1956.
*352 Monroe & Lemann, Walter J. Suthon, Jr., New Orleans, for Flintkote Co., third-party defendant and appellant.
Arlice Roby Crockett, New Orleans, for plaintiff-appellee.
JANVIER, Judge.
We find here a most interesting and novel question of law which arises as a result of the passage of the so-called Third-Party Practice Act, No. 433 of 1954, LSA-R.S. 13:3381.
The plaintiff, Milton M. Ferrantelli, desiring to construct a residence in Kenner, Louisiana, entered into a building contract with a general contractor, Morris J. Sanchez. Sanchez purchased the roofing material from Crescent Materials Service, Incorporated, to which corporation we shall refer as the materialman, and which had purchased the roofing material from the manufacturer, The Flintkote Company.
It seems to be conceded that the material, which was supplied for the first roof, was defective. This roof was replaced at the expense of The Flintkote Company. *353 The plaintiff reached the conclusion that the second roof was also defective and, having failed to obtain from the contractor, the materialman, or The Flintkote Company a second replacement, he brought this suit against the contractor, Morris J. Sanchez, alone, praying for judgment against him in the sum of $645, alleging that to have been the cost of replacing the second roof. Sanchez filed answer, among other things, averring that the material had been purchased from Crescent Materials Service, Incorporated, the materialman, and praying that that corporation be called in warranty, and that if any judgment should be rendered against him as contractor, he have a like judgment in warranty against the materialman.
Crescent Materials Service, Incorporated, answered this call in warranty averring that the material for the second roof had not been defective, but averring that the second roof had been installed by the original subcontractor and that The Flintkote Company had furnished the material, and that it had neither furnished the material nor had control over the installation, and it prayed for a dismissal of the call in warranty. On the same day on which it filed answer, Crescent Materials Service, Incorporated, filed a third-party petition in which it prayed that The Flintkote Company be made a third-party defendant and that, in the event is should be cast, there be like judgment in its favor and against The Flintkote Company as third-party defendant.
The plaintiff, Milton M. Ferrantelli, filed no petition or other pleading seeking to obtain judgment against the third-party defendant.
After a trial at which all parties were represented, there was judgment as prayed for in favor of Milton M. Ferrantelli and against The Flintkote Company alone. There was also judgment in favor of Sanchez and against Ferrantelli for $225 as the balance due on the original building contract. We are in no way concerned with this portion of the judgment.
From the judgment in favor of Ferrantelli and against The Flintkote Company that company has appealed. Ferrantelli did not appeal. He did not answer the appeal nor file any pleading in an effort to retain the other two defendants, Sanchez and Crescent Materials Service, Incorporated, as parties defendant.
Counsel for The Flintkote Company, the sole appellant, now make two contentions. First, they say that the Third-Party Practice Act of 1954 does not ipso facto and without any action on the part of an original plaintiff authorize the rendition of a judgment in favor of the plaintiff and against a third-party defendant, and, second, they say that, under the facts shown, the roof is not defective.
Since the first defense presents a question of law which, if decided in favor of Flintkote, will require a reversal of the judgment against that company, we shall consider that defense first.
Let us repeat that the owner sued the contractor, the contractor called the materialman in warranty, and the materialman sought to bring in the manufacturer as third-party defendant, and let us repeat also, as we deem it extremely important, that the original plaintiff filed no pleading after the Crescent Materials Service, Incorporated, as third-party plaintiff, filed the third-party petition against The Flintkote Company.
The section of the statute with which we are concerned reads as follows:
"Section 1. Defendant may bring in third person
"That in any civil action presently pending or hereafter filed the defendant in a principal action may by petition bring in any person (including a *354 co-defendant) who is his warrantor, or who is or may be liable to him for all or part of the principal demand.
"In such cases the plaintiff in the principal action may assert any demand against the third-party defendant arising out of the transaction or occurrence that is the subject of the principal demand. The third-party defendant thereupon shall plead his objection and defenses in the same manner as prescribed for an original defendant in an ordinary action * * *."
We have been shown no decision, nor have we found one in this state which is of assistance. In Motor Securities Co. v. Hines, 85 So.2d 321, the Court of Appeal for the Second Circuit, it is true, considered the statute and discussed it at length, but was not called upon to pass upon the question which is now presented, i.e., when a defendant attempts to make a third-party defendant, if the original plaintiff wishes to hold the third-party defendant liable directly to him, must the original plaintiff file a pleading of some kind against the third-party defendant who, until that time, has been brought into the case only by the original defendant.
The statute is also discussed at length by the Court of Appeal for the First Circuit in Automotive Finance Co. v. Daigle, 80 So.2d 579. But again we note that the question which confronts us was not involved there.
While we have no decision in this state touching on that question, we do have before us the decision of the United States Circuit Court of Appeals for the Eighth Circuit in United States v. Lushbough, 200 F.2d 717, in which the Court considered this identical question and in which there was applied Rule 14(a) of the Federal Rules of Civil Procedure, 28 U.S.C.:
"The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff".
That rule is almost identical with Section 1 of our statute of 1954. The similarity of that rule to our statute is so marked as to make it practically certain that our statute, which is the later, was copied almost verbatim from that rule. Note the similarity.
"In such cases the plaintiff in the principal action may assert any demand against the third-party defendant arising out of the transaction or occurrence that is the subject of the principal demand. * * *".
In an article written by Professor Henry G. McMahon of Louisiana State University in which he discusses the various statutes of 1954 applying to courts and judicial procedure, he calls attention to the fact that the necessity of such a statute was made evident by a recommendation of the Louisiana Law Institute, and that while our statute of 1954 differs in some respects from what was recommended by the Institute, it follows, except in certain details, the recommendations of the Institute and is "based substantially upon Federal third-party practice."
The Federal Court, in interpreting the federal rule in the cited case, held that an original plaintiff may not obtain judgment directly against the third-party defendant unless and until the original plaintiff, after the principal defendant has prayed for judgment against the third-party defendant, shall "assert" his claim against the third-party defendant. Our statute, in addition to requiring that the original plaintiff shall then assert "any demand against the third-party defendant", requires that the third-party defendant then be permitted to "plead his objections and defenses * * *."
There seems to be no doubt that the Third-Party Practice Act was enacted *355 to afford an additional remedy to a plaintiff, and one of its purposes, among others, was to permit a judgment directly in favor of the plaintiff against a third-party defendant, which is not authorized by that section of our Code of Practice which authorizes demands in warranty for, under those articles, 384 and 385, of our Code of Practice, the original plaintiff obtains his judgment against the original defendant and the original defendant obtains his judgment in warranty against the defendant in warranty, but the plaintiff does not recover direct judgment against the warrantor of the defendant. Our Third-Party Practice Act makes such direct judgment possible, but only where the necessary pleadings are filed.
It is interesting to note that in 1938, long before the adoption of our Third-Party Practice Act, there was a recognition of the necessity for the adoption of such a statute, for in Louisiana Law Review, Volume I, at page 45, appears an article entitled "The New Federal Rules and Louisiana Practice," in which the authors state that the third-party practice, that is, the third-party practice under Federal Rules, "is quite similar to the Louisiana call in warranty." The authors of that article state that under the Federal rules "the plaintiff may amend his pleadings to assert against the third-party defendant any claim which might have been asserted * * *," indicating that, in the opinion of those authors, under the Federal rule, a plaintiff is required to file an amended petition asking to make the third-party defendant a direct defendant of the plaintiff. That is what we think our statute now requires.
It is argued that to hold that, because he failed to assert his claim against a third-party defendant the plaintiff cannot obtain judgment against that party, would defeat the ends of justice and would merely delay plaintiff in obtaining his judgment against the manufacturer, since it is now established that in some instances a manufacturer of unwholesome food or drinks or defective material may be sued directly by the ultimate user or consumer although there is no express privity of contract between them. We cannot be influenced by that fact. If, however technical the defense may be, it is legally sound, the defendant is entitled to avail himself of it.
The reversal of this judgment will not have the effect of res adjudicata, for we do not now hold that the material was not defective. We express no opinion on that question. All that we say is that in this suit, in the present state of the pleadings, The Flintkote Company may not be held liable directly to the plaintiff, Milton M. Ferrantelli.
Insofar as the judgment runs against The Flintkote Company it is annulled, avoided and reversed.
Reversed.
REGAN, J., concurs.