294 So.2d 480 (1974)
SOUTHERN PACIFIC TRANSPORTATION CO.
v.
LOUISIANA PUBLIC SERVICE COMMISSION.
No. 53786.
Supreme Court of Louisiana.
April 29, 1974.
Rehearing Denied June 7, 1974.
*481 Joseph H. Kavanaugh, La. Public Service Commission, Baton Rouge, William E. Logan, Jr., Lafayette Parish Police Jury, Lafayette, for defendant-appellant.
Chaffe, McCall, Phillips, Toler & Sarpy, Harry McCall, Jr., New Orleans, for plaintiff-appellee.
MARCUS, Justice.
Initially, the City of Lafayette and the Police Jury of the Parish of Lafayette sought an order of the Louisiana Public Service Commission requiring the Southern Pacific Transportation Company to permit construction of a grade crossing over its tracks as part of a highway link from the Interstate 10 Interchange South to Eraste Landry Road at Lafayette, Louisiana. The said road is part of the parish highway system.
The matter was heard by the Commission which ordered Southern Pacific to permit said construction. On appeal, the district court sustained the ruling issued by the Commission. The judgment was ultimately affirmed by this Court. Southern Pac. Transp. Co. v. Louisiana Pub. Serv. Com'n., 262 La. 391, 263 So.2d 333 (1972).
Subsequent to the aforesaid proceedings, a dispute arose concerning liability for the expense of construction and maintenance of the grade crossing. Southern Pacific refused to construct the crossing at its expense. In response, the Police Jury of the Parish of Lafayette instituted the present proceeding before the Louisiana Public Service Commission to require Southern Pacific to construct and maintain, at its expense, this grade crossing.
After a hearing, the Commission ordered Southern Pacific to construct the grade crossing at its expense, with subsequent maintenance to be paid by the railroad. (Order No. 10889, dated February 28, 1973) This ruling was appealed to the Nineteenth Judicial District Court, Parish of East Baton Rouge, by Southern Pacific. Judgment was rendered, reversing the order of the Commission. The Louisiana Public Service Commission and the Police Jury of the Parish of Lafayette appealed to this Court.
Two statutes dealing with the construction and subsequent maintenance of a highway across an existing railroad crossing must be interpreted in order to resolve the issue presented in this case.
The pertinent provisions of these statutes are as follows:
R.S. 45:841 (Act 132 of 1918, Section 1)
"The Louisiana Public Service Commission shall require the owner, possessor or operator of any railway, railroad, tram road, log road, transportation, irrigation or drainage canal, or syphon, crossing any public road already constructed or which may be constructed, to construct and maintain a suitable and convenient crossing over such public road, the crossing to extend to the limits of the right of way, or fifty feet from the center of such railway, railroad, tram road, log road, transportation, irrigation or drainage canal or syphon, in accordance with the standard specifications furnished by the department of highways in respect to such crossings."
R.S. 48:382 (Act 4 of 1942, Section 54(c))
"When an existing highway is intersected or proposed to be intersected by a facility or utility employed or to be employed *482 for the transportation of persons or commodities, as a railway or canal, or when an existing highway is intersected by an artificial waterway for drainage, irrigation, or for other purposes, the owner of the facility or utility shall provide a means of crossing the highway which, in the opinion of the chief engineer, is appropriate and adequate and shall provide for the subsequent maintenance and replacement of the crossing in accordance with the original standard required.
"When a highway is constructed across such an existing facility or utility, the agency constructing or causing the construction of the highway shall be responsible for the construction of an appropriate and adequate crossing and for its subsequent maintenance.
"In the case of such crossings in existence on July 2, 1942, the responsibilities and liabilities of the agency constructing the highway and the owner of the utility or facility are continued in the status which existed on July 2, 1942."
Southern Pacific strenuously contends that the matter of construction costs and subsequent maintenance is explicitly governed by that portion of Act 4 of 1942, now R.S. 48:382, which provides that: "When a highway is constructed across such an existing facility or utility, the agency constructing or causing the construction of the highway shall be responsible for the construction of an appropriate and adequate crossing and for its subsequent maintenance"; and to the extent that this provision is in conflict with Act 132 of 1918, now R.S. 45:841, the provisions of the 1942 Act supersede those of the 1918 Act.
The Police Jury of the Parish of Lafayette and the Commission take the position that there is no conflict between these two statutes. They proceeded under R.S. 45:841, which provides that the "* * * Commission shall require the owner, possessor or operator of any railway * * * crossing any public road already constructed or which may be constructed, to construct and maintain a suitable and convenient crossing over such public road. * * *" Therefore, they contend that this statute is applicable to parish roads, as in the case herein, whereas, R.S. 48:382 applies only to highways in the state highway system. Furthermore, in the event such conflict does exist, they rely upon the rule stated in Hall v. Rosteet, 247 La. 45, 169 So.2d 903 (1964) that, in construing the sections of the Revised Statutes where a claim of conflict is made, all provisions shall be construed together and reconciled whenever possible.
Here, the Police Jury proposes to construct a highway over an existing railroad facility. Therefore, if R.S. 48:382 is applicable as contended by Southern Pacific, then the Police Jury must pay the cost of construction and subsequent maintenance. On the other hand, if R.S. 45:481 is applicable, as contended by the Police Jury and the Commission, Southern Pacific must bear the expense of construction and maintenance of this parish highway crossing.
Neither statute under consideration makes a distinction on the basis of the type of road involved. R.S. 45:841 refers to "any public road" whereas R.S. 48:382 refers to a "highway." The Police Jury and the Commission argue that, since the source of R.S. 48:382 is an Act establishing the Department of Highways (Act 4 of 1942), R.S. 48:382 refers solely to highways in the state highway system and, accordingly, has no application to the instant parish highway crossing.
We do not agree with this contention of the Police Jury and the Commission. Rather, we find that R.S. 48:382 (Act 4 of 1942, Section 54(c)) clearly supersedes R. S. 45:841 (Act 132 of 1918, Section 1). This conclusion is in conformity with the finding of the trial court. We ascribe to the trial judge's reasons for judgment, from which we quote:
"The difficulty with the argument that R.S. 48:382 applies only to the state *483 highway system lies in the very language of the statute. In the second paragraph the term `highway' is employed. Had the legislature intended to limit the application of this act to the state highway system, the term `state highway' could have been used as was done in part (A) of R.S. 48:381. Further the definition of `highway' in R.S. 48:1 provides that the term, `.... means a public way for vehicular, mounted, and pedestrian traffic, including the entire area dedicated thereto and the bridges, culverts, structures, appurtenances, and features necessary to or associated with its purposes.' Certainly, this broad language cannot reasonably be construed to limit the Title 48 term `highway' to state highways.
"Additionally, it should be noted that the second paragraph of R.S. 48:382 contains a reference providing `.... the agency constructing or causing the construction of the highway shall be responsible for the construction of an appropriate and adequate crossing ...' This Court is of the opinion that the use of the general term `the agency' rather than the specific term `the department' (of Highways) connotes a legislative intent that the statute should not be limited to crossings of the state highway system.
"Therefore this Court is convinced that the two statutes herein involved, R.S. 45:841 and 48:382 are irreconcilable and that the latest expression of the legislative will, R.S. 48:381 controls. As provided in Louisiana Civil Service League v. Forbes, 258 La. 390, 246 So.2d 800 (1971):
"`It is well established rule of statutory construction that the Legislature is presumed to have enacted a statute in the light of preceding statutes involving the same subject matter and decisions construing such statutes, and, where the new statute is worded differently from the proceding statute, the Legislature is presumed to have intended to change the law .... The intention of members of an earlier Legislature cannot override the will of a subsequent Legislature.'"
Hence, we conclude that R.S. 48:382 is applicable to the grade crossing of the parish highway in the instant proceeding. The expense of the construction and maintenance must be borne by the Police Jury of the Parish of Lafayette.
For the reasons assigned, the judgment of the district court annulling Order No. 10889 of the Louisiana Public Service Commission is affirmed.
CALOGERO, J., concurs.
DIXON, J., dissents with reasons.
GATE, J., joins in dissent.
DIXON, Justice (dissenting).
I respectfully dissent.
The present action centers around the apparent conflict between two statutes. Counsel for appellants, Louisiana Public Service Commission and the Police Jury of Lafayette Parish, argue that R.S. 45:841 is controlling. That statute provides as follows:
"The Louisiana Public Service Commission shall require the owner, possessor or operator of any railway, railroad, tram road, log road, transportation, irrigation or drainage canal, or syphon, crossing any public road already constructed or which may be constructed, to construct and maintain a suitable and convenient crossing over such public road, the crossing to extend to the limits of the right of way, or fifty feet from the center of such railway, railroad, tram road, log road, transportation, irrigation or drainage canal or syphon, in accordance with the standard specifications furnished by the department of highways in respect to such crossings."
Respondent, Southern Pacific Transportation Company, concludes that the issue *484 should be determined under R.S. 48:382, which states:
"When an existing highway is intersected or proposed to be intersected by a facility or utility employed or to be employed for the transportation of persons or commodities, as a railway or canal, or when an existing highway is intersected by an artificial waterway for drainage, irrigation, or for other purposes, the owner of the facility or utility shall provide a means of crossing the highway which, in the opinion of the chief engineer, is appropriate and adequate and shall provide for the subsequent maintenance and replacement of the crossing in accordance with the original standard required.
"When a highway is constructed across such an existing facility or utility, the agency constructing or causing the construction of the highway shall be responsible for the construction of an appropriate and adequate crossing and for its subsequent maintenance.
"In the case of such crossings in existence on July 2, 1942, the responsibilities and liabilities of the agency constructing the highway and the owner of the utility or facility are continued in the status which existed on July 2, 1942."
Findings of the Public Service Commission should not be overturned in the absence of a clear showing of abuse. Hendrix v. Louisiana Public Service Commission, 262 La. 420, 263 So.2d 343 (1972). In construing sections of the Revised Statutes for legislative intent, every reasonable effort should be made to give effect to all. Hall v. Rosteet, 247 La. 45, 169 So.2d 903 (1964).
The statutes provide an integrated scheme for costs of construction at railroad crossings. R.S. 45:841 sets forth the general rule and requires the owner or operator of the railroad to construct and maintain suitable and convenient crossings over public roads. R.S. 33:3701 provides that costs of underpasses and overpasses in towns will be shared equally by a municipality and the railroad. We conclude that R.S. 48:382 is applicable only to the State highway system, and does not relieve the railroad from the responsibility of constructing and maintaining the crossing involved in this case.
Title 48 of the Revised Statutes is divided into seven chapters. The first chapter, in which 48:382 falls, is entitled "State Department of Highways." The second chapter is entitled "Parish and Local Roads." The source of R.S. 48:382 is Act 4 of 1940, see 54(c). The title of that act makes clear that it is confined to the State highway system, which is defined in § 38 of the act.
Plaintiff argues that the use of the phrase "the agency constructing or causing the construction of the highway" shows that 48:382 was intended to apply to more than roads in the State highway system. This interpretation will not stand close examination. R.S. 48:193 contains detailed provisions for the construction, maintenance and improvement of parts of the State highway system lying within municipalities. The Department of Highways is authorized to enter into agreements with "municipalities, parishes, road districts or other public agencies" to carry out the provisions of the statutes. The statutes contemplate that agencies other than the State Department of Highways might construct or cause the construction of a portion of a road or street lying within the State highway system.
A harmonious interpretation of apparently conflicting provisions of R.S. 45:841 and R.S. 48:382 will confine the application of R.S. 48:382 to roads or streets in the State highway system.
In my opinion the trial court was in error in applying R.S. 48:382, and the Public Service Commission was correct in applying R.S. 45:841 to this case. The order of the Louisiana Public Service Commission should be reinstated.