340 So.2d 363 (1976)
Ruth HECKEL
v.
TRAVELERS INSURANCE COMPANY et al.
No. 10995.
Court of Appeal of Louisiana, First Circuit.
November 15, 1976.
*364 Lloyd R. Walters, Slidell, for Ruth Heckel, plaintiff, appellee-appellant.
France W. Watts, III, Franklinton, for defendant, Travelers Ins. Co., appellee.
*365 Robert R. Thorne, Slidell, for defendant, Jerry L. Dennis, appellee.
Robert M. Johnston, New Orleans, for defendant, Hartford Acc. & Indem. Co., appellant.
Before ELLIS, CHIASSON and PONDER, JJ.
CHIASSON, Judge.
On October 14, 1971, at approximately 6:45 A.M. on U.S. Highway 11 near Slidell, Louisiana, an automobile driven by Ruth Heckel, plaintiff-appellee/appellant, collided with a pick-up truck owned and driven by Jerry Dennis, defendant-appellee. The accident occurred when Jerry Dennis pulled from the shoulder of the highway on which he had been parked into the path of Ruth Heckel's automobile. At the time of the accident both Ruth Heckel and Jerry Dennis were on their way to work in New Orleans. Riding with Ruth Heckel were several passengers who had agreed to pay seven dollars per week in return for transportation to and from their jobs in New Orleans. Riding with Jerry Dennis was his son. Jerry Dennis did not have personal insurance for his truck. Uninsured Motorist coverage for the car driven by Ruth Heckel was provided by the Travelers Indemnity Company, defendant-appellee.
Following the accident Ruth Heckel filed suit against Jerry Dennis and Travelers to recover for personal injuries and property damage. Jerry Dennis answered denying liability and brought a third-party demand against his employer's insurer, Hartford Accident and Indemnity Company, defendant-appellant, alleging that the accident occurred in the course and scope of his employment. Travelers answered denying liability because the "policy of insurance did not apply `to any automobile when used as a public livery or conveyance' and that at the time of the alleged accident the automobile was being operated to come within the scope and meaning of the said exclusionary policy." Hartford answered denying liability on the basis that the accident had not occurred during the course and scope of Jerry Dennis's employment. Ruth Heckel did not amend her petition to include Hartford as a defendant.
After a trial on the merits, the District Court found that the negligence of Jerry Dennis was the sole proximate cause of the accident, and that the accident occurred during the course and scope of his employment by the Chartres Company. The District Court then rendered judgment in favor of Ruth Heckel and against the Hartford Accident and Indemnity Company in the amount of $7,005.87. It is from this judgment that appeals have been brought.
The errors specified by Hartford are:
"(1) Hartford Accident & Indemnity Company contends that the Lower Court erred in rendering a judgment in favor of the plaintiff and against it, when Hartford Accident & Indemnity Company was not a defendant in the law suit, but was only a third-party defendant.
"(2) Hartford Accident & Indemnity Company further contends that, at the time of the accident in question, Jerry L. Dennis was not acting within the course and scope of his employment so as to render his employer, Chartres Corporation, and thereby its liability insurer, Hartford Accident & Indemnity Company, liable to plaintiff, Ruth Heckel, for the damages sustained in the accident in question."
The errors specified by Ruth Heckel are:
"(1) The trial court erred in failing to render judgment against Jerry L. Dennis, the defendant responsible for the collision.
"(2) The trial court erred in failing to award adequate damages to plaintiff for the injuries sustained."
The question of whether a Trial Court may render judgment against a third party defendant and in favor of a plaintiff where the plaintiff has not amended his petition to include the third party defendant as a direct defendant in the plaintiff's action was considered in Ferrantelli v. Sanchez, 90 So.2d 351 (Ct. of App., Orleans, 1956). In that case it was held that under R.S. 13:3381 (replaced by Code of Civil Procedure *366 Article 1111) it was necessary that the plaintiff amend his petition to make the third party defendant a direct defendant before a judgment could be rendered in favor of the plaintiff and against the third party defendant. While it has been suggested that the rule of Ferrantelli v. Sanchez, supra, should be restricted to cases in which there is no contentious activity between the plaintiff and third party defendant sufficient to establish an adversary relationship between them, 34 Tulane Law Review 84, we feel that the direct judgment permitted under Code of Civil Procedure Article 1111 is proper only when the necessary pleadings are filed.
Civil Code Article 2320 provides in part that "employers are answerable for damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed." It is often stated that there is no precise rule by which it can be determined in every case whether an employee driving a motor vehicle is acting within the course and scope of his employment. The general rule is that an employee going to and coming from his place of employment is not considered to be acting within the scope of his employment to the extent necessary to render his employer liable to third parties for the employee's negligent acts. Wills v. Correge, 148 So.2d 822 (La.App. 4th Cir. 1963). An exception to this rule exists where a factual showing can be made that the motor vehicle, whether personally owned or owned by the employer, was being used in the service of the employer or for the employer's business. Rollins v. New York Fire & Marine Underwriters, Inc., 225 So.2d 663 (La.App. 3rd Cir. 1969).
The Trial Judge in giving oral reasons for judgment stated:
"The Court appreciates the facts to be that the man owned his own vehicle. He lived in Slidell, but the major, principal place of business of the Chartres Corporation was in New Orleans. He commuted on a somewhat daily basis from his home in Slidell to New Orleans. He would then work in and around the city of New Orleans doing the construction-type work that he did for the Chartres Corporation. He was a supervisor of some sort, a construction worker or supervisor. He testified his work would call on him to travel outside the city of New Orleans to other cities in this state and even into Mississippi. This accident occurred on a morning when he, as well as all the other people involved, were on their way from Slidell to New Orleans. I'll get to Mrs. Heckel's situation in a moment. The facts indicate that there was no consistent pattern on Dennis's part as to just what he did each morning. Some mornings he would leave his home and drive his truck directly to his employer's place of business in New Orleans and then go from there to the different job sites. It is apparent, however, that on other mornings he would not go to his employer's place of business, but would go directly to the job site. It is his testimony that on the morning in question, that is what he was doing. He was going to a job at the Behrman High School in New Orleans, and that he had provisions on his truck, tools and some sand material, that were to be used in his work in New Orleans. The substance of the testimony leads me to the conclusion that there was a sufficient pattern of conduct here and such often use of his vehicle in the work of his employer that although one can say, as did Mrs. Band, the treasurer of the corporation, that it was for his convenience, it is also to be seen that it was for their convenience as well, because he was essentially doing basically their work. They let him have a credit card to use, they loosely supervised his use of the credit card. By the testimony of Mrs. Band as well, there were even cash advances or reimbursements made for gasoline which was purchased. He testified that they actually purchased tires for his vehicle. There's been no contradiction of that testimony. The Court is of the conclusion that he was sufficiently within the course and scope of his employment."
Where there is evidence before the trier of fact which furnishes a reasonable *367 factual basis for the Trial Court's conclusions, the Appellate Court should not disturb this factual finding in the absence of manifest error. Canter v. Koehring Company, La., 283 So.2d 716 (1973). There is ample testimony supporting the Trial Judge's conclusion that the accident occurred within the course and scope of Jerry Dennis's employment.
The Trial Judge's oral reasons indicate that he found the negligence of Jerry Dennis to be the sole cause of the accident. The evidence adduced at trial supports this conclusion. Therefore, as to the principal demand, judgment should have been rendered by the Court in favor of Ruth Heckel and against Jerry Dennis. The record also indicates that the Trial Judge concluded that Hartford was Jerry Dennis's insurer and liable on his third-party demand.
The Trial Judge awarded Ruth Heckel $2,505.87 as special damages and $4,500.00 as general damages. The appellate review of awards for general damages is limited to a determination of whether the Trial Court abused its much discretion. The adequacy or inadequacy of an award should be determined on the basis of the facts and circumstances of the case under review. The awards made in other cases serve only as an aid in determining if the present award is greatly disproportionate to similar awards. In any case, the record must clearly demonstrate an abuse of Trial Court discretion before an Appellate Court will tamper with an award of general damages. Anderson v. Welding Testing Laboratory, Inc., La., 304 So.2d 351 (1974).
While there is a substantial disparity between the award for general damages in the present case and the award for general damages in Smith v. Maxent, La.App., 283 So.2d 313 (4th Cir. 1973), there is also a difference as to the degree of injury in each case. In Smith the foot injury required surgical repair, there was a 15% loss of functional use of the foot, and a permanent need for a special shoe. In the present case there was no surgery and the testimony of Dr. Cook indicated that as of September, 1972, the foot problem was completely resolved. The record does not indicate a clear abuse of discretion by the Trial Court in awarding general damages.
For the reasons assigned, the judgment appealed from is reversed insofar as it grants judgment in favor of Ruth Heckel and against Hartford Accident & Indemnity Company, and it is now ordered, adjudged and decreed that there be judgment in favor of Ruth Heckel and against Jerry L. Dennis and in favor of Jerry L. Dennis and against Hartford Accident & Indemnity Company in the amount of $2,505.87 as special damages and $4,500.00 as general damages, with legal interest thereon from date of judicial demand. The action is dismissed as to the Travelers Indemnity Company. Cost to be paid by appellant, Hartford Accident & Indemnity Company.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.