479 So.2d 927 (1985)
Donald O. SHAFFER, Jr.
v.
ILLINOIS CENTRAL GULF RAILROAD COMPANY and the Parish of East Baton Rouge.
No. 84 CA 0788.
Court of Appeal of Louisiana, First Circuit.
October 8, 1985.
On Rehearing December 26, 1985.
Warren J. Hebert, Baton Rouge, for plaintiff-appellee Donald O. Shaffer, Jr.
Frank J. Gremillion, Baton Rouge, for defendant/third party defendant-appellee Parish of East Baton Rouge.
Oscar L. Shoenfelt, III, Baton Rouge, for third party defendant-appellee Board of Supervisors, Louisiana State University and Agricultural & Mechanical College.
Christine Lipsey, Baton Rouge, for defendant-appellant Illinois Central Gulf Railroad Company.
John C. Young, Baton Rouge, for third party defendant-appellee State of Louisiana-Department of Transportation & Development.
Before GROVER L. COVINGTON, C.J., and WATKINS and SHORTESS, JJ.
WATKINS, Judge.
Defendant, Illinois Central Gulf Railroad (ICGRR) appeals from a final judgment which held it liable for injuries sustained by plaintiff, Donald O. Shaffer, Jr., when his motorcycle struck a railroad crossing and went out of control. The other defendant *928 named in the plaintiff's petition, East Baton Rouge Parish, was discharged from liability by the trial court. ICGRR's third party demands against Louisiana State University (LSU), the State of Louisiana, Department of Transportation and Development (DOTD), and East Baton Rouge Parish were likewise dismissed by the trial court.
From the record it appears that on June 20, 1981, Shaffer was operating his motorcycle at approximately 35 miles per hour in a southerly direction on Nicholson Drive on the LSU campus, when he hit a pothole between the rails at the crossing, causing his bike to strike a median strip between the lanes. Shaffer was thrown off the bike and suffered numerous bruises and abraisons. Fortunately, he suffered no disabling injuries of a permanent nature.
The record indicates that there were no outside witnesses to the incident. However, photographs taken of the crossing shortly after the accident clearly indicate that there existed a substantial defect which was the cause of Shaffer's accident. We agree with the trial court's finding that there was no evidence to support defendant's plea of contributory negligence. We also agree with the trial court's assessment that the failure to maintain the crossing constituted negligence on the part of the agency or corporation who had responsibility for the maintenance of the track. Therefore, the primary issue before us is which agency or corporation had the responsibility to maintain the LSU spur track crossing.
It is the position of ICGRR that the trial court erred in finding that it was charged with the maintenance of the crossing. Since the LSU spur track was already in existence when Nicholson Drive (La. Hwy. 30) was constructed by the Department of Highways (predecessor to DOTD), ICGRR contends that LSA-R.S. 48:382(B) is controlling, not LSA-R.S. 45:324, and therefore DOTD was charged with the responsibility of maintaining the crossing and should be held liable.
In addition to the statutes cited by counsel, there are also other statutes which our research indicates are applicable to the duty to maintain grade crossings.
These statutes which govern the duty to maintain grade crossings lead to opposite results. LSA-R.S. 45:324[1] as interpreted in Brandon v. Texas & New Orleans R. Co., 169 So. 254 (La.App. 1st Cir.1936), Dantone v. Standard Machine Co., Inc., 195 So. 39 (La.App. 1st Cir. 1940), and Bardfield v. New Orleans Public Belt Railroad, 371 So.2d 783 (La.1979), appears to indicate that liability attaches to the railroad company in the event the crossing is not properly maintained. Conversely, LS-R.S. 48:382(B)[1] indicates that when a highway is laid across an existing grade crossing, the duty is on the state agency that laid the highway to see that the crossing is properly maintained. This statute was enacted in 1942.
However, LSA-R.S. 45:323(A)[1], a statute last amended in 1981, indicates the duty to *929 maintain is on the railroad company, regardless of when the crossing was laid. Further, LSA-R.S. 45:841[1] provides that the Louisiana Public Service Commission shall require the owner of a railroad crossing any public road constructed or to be constructed to maintain the crossing.
We are then faced with statutes which are irreconcilably in conflict. No ready rule of statutory construction enables us to reconcile the conflict. The proper solution we find is to hold that as the statutes impose a duty to maintain the crossing on either the DOTD or ICGRR, they in effect impose liability on both. Otherwise we are left with the task of reconciling the irreconcilable, or drawing a non-existent distinguishing line between statutes that are essentially indistinguishable.
We therefore find both the DOTD and ICGRR by statute had a duty to maintain this crossing. Hence, both are liable. ICGRR has a third party demand pending against the DOTD, which is not made a party defendant by plaintiff.[2] We find the DOTD liable to ICGRR for one-half in contribution.
We therefore affirm the judgment of the trial court in holding ICGRR liable, and render judgment in favor of ICGRR and against the DOTD for one-half the sum awarded, all cost to be borne jointly by ICGRR and DOTD.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.

ON REHEARING
PER CURIAM.
We have granted a rehearing because the Illinois Central Gulf Railroad Company (defendant, ICGRR) has argued so forcefully that the Supreme Court, in Southern Pacific Transportation Co. v. Louisiana Public Service Commission, 294 So.2d 480 (La.1974), resolved the irreconcilable conflict between LSA-R.S. 48:382 and LSA-R.S. 45:841 by holding that the later enacted statute, LSA-R.S. 48:382 (amended *930 1979), clearly superseded LSA-R.S. 45:841 (enacted in 1950).
Defendant attempts to distinguish Bardfield v. New Orleans Public Belt Railroad, 371 So.2d 783 (La.1979), because (1) it did not mention LSA-R.S. 48:382(B), (2) it was a controversy between a railroad and the Dock Board, (3) it failed to discuss which came firstthe highway or the track, and (4) the issue is whether a road open to the public is a highway within the meaning LSA-R.S. 45:324. Defendant argues the inapplicability of LSA-R.S. 45:323 because this record shows that its tracks were laid across a State highway, not a municipal street; that LSA-R.S. 45:324 imposes responsibility for maintenance of railroad crossings on the entity that constructed the highway across the railroad tracks as DOTD did here; and that LSA-R.S. 45:324 (enacted in 1950) is also superseded by LSA-R.S. 48:382(B).
LSA-R.S. 48:191 (amended 1979) lists the affected portion of La. Highway 30 to the "south urban limits" as a State urban arterial under the State highway system. According to the record, this crossing is at the intersection of Nicholson Road (State Highway 30) and Gourrier Lane/Burbank Drive (City-Parish roads). LSA-R.S. 45:323 (amended 1981) places the duty to repair railroad crossings "whose tracks are laid on or across the public street of any municipality" on the railroad. LSA-R.S. 48:193 (amended 1955) places the duty to repair highways through municipalities jointly with the State and the city, and it provides for joint agreements between the governmental entities. LSA-R.S. 48:382 (amended 1979) places maintenance with the agency constructing a highway across an existing facility. LSA-R.S. 48:386 places responsibility for repairs to railway grade crossings on the railroads and LSA-R.S. 48:387 allows the Department of Transportation and Development (DOTD) to pay railroads for up to one-half the cost of maintenance of crossing signals (both amended in 1977).[1]
In its third party demand seeking indemnity for any possible liability, defendant sued LSU, EBR and DOTD, and admitted that Route La. 30 was constructed across the existing LSU Spur Grade Crossing, located at what is now Route La. 30, Nicholson Drive, and Burbank Drive, in the City of Baton Rouge, Parish of East Baton Route. Defendant attached as exhibits evidence verifying that DOTD would bear 100% of the grade crossing costs for the LSU Spur Tract; a 1977 agreement between the City of Baton Rouge and the State covering maintenance of municipal roads or streets authorized by LSA-R.S. 48:193, wherein the City, for specified reimbursement, assumed certain maintenance and repair functions for the State highways within the corporate limits of the City (including this specific street); documents showing that DOTD obtained permission from both LSU and the City to conduct and maintain an experimental grade crossing installation at this site, with control over maintenance to be returned to the City in September of 1981, a few months after this accident; and a 1981 supplemental agreement concerning maintenance of State highways within the Baton Rouge corporate limits. Having admitted that its crossing is on both State and city roads, defendant cannot now deny that this is a municipal street in order to avoid its liability under the more recently amended LSA-R.S. 45:323.
The Supreme Court, in Bardfield, 371 So.2d at 785-786, noted that LSA-R.S. 45:323 imposes a strict responsibility upon railroads to maintain for safe traffic any crossings of municipal streets and construed LSA-R.S. 45:324 as imposing a continuing duty of due care to keep a crossing in repair, as well as liability to travelers injured as a result of the railroad's failure *931 to perform this duty. Although section 324 clearly refers to railroad construction over an existing highway, section 323 imposes a duty on railroads whose tracks are laid on or across municipal streets, even when the street is paved either before or after tracks are laid. The Supreme Court also upheld the liability of the owner of the property on which the accident occurred and the lack of contractual assumption by the railroad of the owner's duties or liability for failure to maintain its crossing. Bardfield, 371 So.2d at 785.
In its written reasons for judgment, the trial court noted the existence of a contract between Yazoo and Mississippi Valley Railroad Company (ICGRR's predecessor) and LSU and found in its language that the railroad company was "the exclusive owner of that part of the track to be constructed upon its waylands as aforesaid, and the balance of said track shall be owned by the parties hereto jointly, each party owning an undivided one-half interest, anything herein contained to the contrary notwithstanding."
The trial court stated that no evidence was introduced showing which part of the track was solely owned by the railroad and which was jointly owned, whether the above-quoted language was applicable, or that LSU was using the track and therefore dismissed the railroad's third party claim against LSU. The trial court found from the statutes and evidence that ICGRR was the successor of Yazoo and thus the owner of the tracks, with responsibility for repairs under LSA-R.S. 45:323. We cannot say that this finding was clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
It is clear that the controlling statutes, LSA-R.S. 48:382(B) and LSA-R.S. 45:323, read in pari materia, place the duty of maintaining the crossing on DOTD and the railroad. We therefore find both DOTD and ICGRR had a statutory duty to maintain this crossing. Hence, both are liable. ICGRR has a third party demand pending against DOTD, which is not made a party defendant by plaintiff.[2] As stated in our original opinion, DOTD is liable to ICGRR for one-half in contribution.
For these reasons and those set forth in our original opinion which are not in conflict, the judgment of the trial court in holding ICGRR liable is affirmed, and judgment is rendered in favor of ICGRR and against DOTD for one-half of the sum awarded on the third party demand. All costs are to be borne jointly by ICGRR and DOTD.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
NOTES
[1] LSA-R.S. 45:324 reads as follows:

Where railroads, tramroads, dirt or plank roads cross any highway, the corporation shall so construct the works as not to hinder, impede or obstruct its safe and convenient use. Wherever railroads, tramroads, dirt or plank roads shall be constructed or dug across any plantation or land in cultivation, or that may be cultivated the corporation shall so construct the work as not to hinder, impede or obstruct the drainage of the land. Should any railroad, tramroad, dirt or plank road cross any tide waters, lakes, inlets, rivers or streams, or other bodies of water, the company may erect for the sole and exclusive use of such railroad, tramroad, dirt or plank road, the bridges required for crossing, but such bridges shall be so constructed as not to obstruct or unnecessarily impede the navigation of said waters.
LSA-R.S. 48:382(b) reads as follows:
B. When a highway is constructed across such an existing facility or utility, the agency constructing or causing the construction of the highway shall provide for the construction of an adequate and appropriate crossing and for the subsequent maintenance and replacement of the crossing in accordance with current maintenance standards.
LSA-R.S. 45:323(A) reads as follows:
A. All railroads, except those owned and operated by a political corporation, railways and street railway companies in any subdivision of the state, whose tracks are laid on or across the public street of any municipality, shall keep in good condition and suitable for vehicular traffic that portion of the street lying between the rails of the tracks of such railroad and railways, and for a distance of two feet on the outside of each rail of the tracks used or operated by them, together with the necessary headers; and when the street is paved, whether before or after the tracks are laid, they shall pave, repave, repair, and keep in good condition and suitable for vehicular traffic that portion of the public street lying between the rails of the tracks used by such railroad or railways, and for a distance of two feet on the outside of each rail of the tracks used or operated by them, with such character or kind of paving, together with the necessary headers, as may, from time to time, be designated by the governing body of the municipality. If the ties of any track shall extend for a greater distance than two feet on the outside of the rails, the duty and obligation of the railroads or railways to pave, repave, repair, and keep in good condition said pavement, shall extend to the ends of the ties. In addition the railroad or railways shall in all cases install and maintain the necessary headers to separate that portion of the public street to be paved, repaved, repaired, and maintained by them from the other portions of the public street.
LSA-R.S. 45:841 reads as follows:
The Louisiana Public Service Commission shall require the owner, possessor or operator of any railway, railroad, tram road, log road, transportation, irrigation or drainage canal, or syphon, crossing any public road already constructed or which may be constructed, to construct and maintain a suitable and convenient crossing over such public road, the crossing to extend to the limits of the right of way, or fifty feet from the center of such railway, railroad, tram road, log road, transportation, irrigation or drainage canal or syphon, in accordance with the standard specifications furnished by the department of highways in respect to such crossings.
[2] We are unable to render judgment in favor of plaintiff and against the DOTD, as the DOTD was not made a party defendant by plaintiff.

This issue was previously considered in DeBlieux v. P.S. Sons Painting Inc., 405 So.2d 600 (La.App. 3rd Cir.1981); Heckel v. Travelers Insurance Company, 340 So.2d 363 (La.App. 1st Cir.1976); and Ferrantelli v. Sanchez, 90 So.2d 351 (Court of Appeal, Orleans 1956). Those courts held under LSA-C.C.P. art. 1111 it was necessary that the plaintiff amend his petition to include third party defendant as a direct defendant before judgment could be rendered in favor of the plaintiff and against the third party defendant.
[1] A letter dated July 7, 1975, from DOTD to LSU refers to compliance with LSA-R.S. 48:387: "Please be advised that the responsibility for maintenance and replacement of the crossing lies with the Department of Highways in order to comply with Louisiana Revised Statutes 48:387 as amended by Acts of the 1974 Legislature." The Department of Highways was the predecessor of DOTD.
[2] We are unable to render judgment in favor of plaintiff and against DOTD, as DOTD was not made a party defendant by plaintiff.

This issue was previously considered in DeBlieux v. P.S. Sons Painting, Inc., 405 So.2d 600 (La.App.3rd Cir.1981); Heckel v. Travelers Insurance Company, 340 So.2d 363 (La.App. 1st Cir. 1976); and Ferrantelli v. Sanchez, 90 So.2d 351 (Court of Appeal, Orleans 1956). Those courts held under LSA-C.C.P. art. 1111 that it was necessary that the plaintiff amend his petition to include third party defendant as a direct defendant before judgment could be rendered in favor of the plaintiff and against the third party defendant.